J-S47021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HENRY BAYNARD :
:
Appellant : No. 605 EDA 2025

Appeal from the PCRA Order Entered February 7, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013003-2009

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 5, 2026**

Appellant, Henry Baynard, appeals from the order entered February 7, 2025, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows.

> On August 13, 2010, following a jury trial before the Honorable Carolyn Engel Temin, Appellant . . . was found guilty of first[-]degree murder, violations of the Uniform Firearms Act ("VUFA") § 6106, and possession of an instrument of a crime ("PIC"). On August 20, 2010, Judge Temin sentenced Appellant to life imprisonment without the possibility of parole. Appellant filed a direct appeal to t[his Court], which affirmed [Appellant's] judgment of sentence on May 31, 2012. [*See Commonwealth v. Baynard*, 50 A.3d 253 (Pa. Super. 2012) (Table) (non-precedential decision). Our Supreme Court denied *allocatur* on September 25, 2012. *See Commonwealth v. Baynard*, 53 A.3d 756 (Pa. 2012) (Table)].
>
> On April 4, 2013, Appellant filed a timely *pro se* [PCRA] petition[.] PCRA counsel was subsequently appointed and filed

an amended petition on April 25, 2014. In 2016, the matter was reassigned to the Honorable Diana L. Anhalt due to Judge Temin's retirement. Judge Anhalt dismissed [Appellant's] petition on July 30, 2018. Appellant filed a timely notice of appeal to [this Court] on August 29, 2018.

PCRA Court Opinion, 4/9/25, at 1-2. This Court remanded the PCRA appeal because Judge Anhalt identified a "potential conflict warranting recusal." *See* Order, 7/23/2020.

Thereafter,

[o]n remand, the PCRA court recused and a new PCRA judge was appointed. The new PCRA court issued a Rule 1925(a) opinion[] based entirely on the record as developed by the original PCRA court and explaining the reasons why the original PCRA court's denial should be affirmed. The record was then returned to [this Court] for disposition.

In May [] 2020, it came to [this Court's] attention that Appellant's PCRA counsel had died and that no new counsel had been appointed to represent him. Accordingly, on May 11, 2020, we issued an order withdrawing [Appellant's former counsel's] appearance and directing the [PCRA] court to appoint new counsel within [30] days. Unfortunately, while [this Court's] order was received and docketed in the Philadelphia Court of Common Pleas, the PCRA court took no further action and no counsel [was] appointed to represent Appellant.

Meanwhile, on May 28, 2020, the Commonwealth filed a motion for remand, after it uncovered new evidence that it was "ethically required" to turn over to Appellant. This was a reversal of the Commonwealth's and original PCRA court's position that Appellant was not entitled to post-conviction discovery. Given the nature and scope of the evidence attached to the motion, the Commonwealth also conceded that Appellant's new counsel should be given the opportunity to file another amended PCRA petition.

*Id.* Based upon the foregoing, on July 23, 2020, this Court vacated the PCRA court's order denying Appellant's PCRA petition in its entirety and remanded

the matter for the appointment of PCRA counsel, as well as the filing of an amended PCRA petition. *Id.*

On remand,

> [The PCRA court appointed] Douglas Dolfman, Esq[uire,] . . . as PCRA counsel. On August 19, 2020, [however,] David Santee, Esq[uire,] entered his appearance as PCRA counsel. Attorney Santee filed an amended [PCRA] petition on September 2, 2020. Following multiple continuances for further investigation, Attorney Santee filed a second amended [PCRA] petition on January 5, 2023. [In his most-recently amended PCRA petition, Appellant alleged that, in post-conviction discovery, he received records of misconduct relating to multiple law enforcement officers who testified at his trial, namely, Detectives Ronald Dove, Gregory Holman, and Nathanial Williams. Appellant alleged that, if such evidence were available at the time of his trial, he could have cross-examined the officers' more effectively and presented the issue of their credibility more fully to the jury.] On November 1, 2023, Attorney Santee filed a motion to withdraw as counsel. [The PCRA court] granted that motion and appointed Daniel Alverez, Esq[uire,] on November 7, 2023. Attorney Alvarez filed a supplemental amended petition on March 16, 2024. [In this petition, Appellant argued that his mandatory life-sentence was unconstitutional as applied to him because, at the time of the murder, he was 18 years and 25 days old].

> On January 9, 2025, the Commonwealth filed its answer, in which it did not concede that Appellant met the requirements for granting a new trial based on [Appellant's] after-discovered evidence [claim] but nevertheless proposed granting relief and permitting Appellant to enter a negotiated guilty plea to third[-]degree murder with a sentence of 20 to 40 years of confinement because[, in the Commonwealth's view,] "there [was] a reasonable probability that at some point, now or in the future, a collateral review court could determine that [Appellant] is entitled to a new trial. Retrying a case of this sort after the passage of time presents obstacles that can be difficult for the prosecution to overcome." On February 7, 2025, following a hearing, [the PCRA court] denied Appellant's petition[, concluding that it was] without merit. [This timely appeal followed.]

- 3 -

PCRA Court Opinion, 4/9/25, at 2 (paragraph breaks inserted).

On appeal, Appellant raises the following issues for our consideration.

1. [Whether] the PCRA court erred in []dismissing [Appellant's] PCRA petition as the imposition of life without the possibility of parole [is] unconstitutional as applied to [Appellant because he was a] virtual minor [at the time of the commission of the crime?]

2. [Whether the PCRA court erred in dismissing Appellant's PCRA petition which alleged that he recently discovered evidence demonstrating that multiple law enforcement officers who were involved in his case engaged in misconduct and/or have criminal histories which called into question their credibility?]

*See generally* Appellant's Brief at 7-8.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions[.]

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

***

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

In his first issue, Appellant contends he is entitled to relief under Section 9543(a)(2)(i). More specifically, Appellant argues that his mandatory life-sentence amounts to cruel and unusual punishment because, at the time Appellant committed this offense, he was 18 years and 25 days old. Appellant asks this Court to hold that his mandatory life-sentence is unconstitutional in light of his status as a "virtual minor," his history of brain trauma, and

"child-like attributes" pursuant to the rationale of **Miller v. Alabama**, 567 U.S. 460 (2012). Appellant's Brief at 24 and 30.

In **Miller**, **supra**, the United States Supreme Court determined that it is unconstitutional for a state to sentence a juvenile homicide defendant to a mandatory term of life-imprisonment if he or she was "under the age of 18 at the time of their crimes." **Miller**, 567 U.S. at 465. In **Montogomery v. Alabama**, 577 U.S. 190 (2016), the High Court held that **Miller** applied retroactively to cases on collateral review, notwithstanding the fact that the **Miller** decision may have been filed after the judgment of sentence had become final. **Id.** at 212.

This Court, however, has previously rejected claims like that of Appellant's which, in essence, asks us to apply the **Miller/Montgomery** holdings to those who, like Appellant, were over the age of 18 at the time of the commission of the murder. **See Commonwealth v. Lee**, 206 A.3d 1, 10 (Pa. Super. 2019) (*en banc*), *allocatur denied*, 218 A.3d 851 (Pa. 2019); **Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016); **see also Commonwealth v. Hamilton**, 2021 WL 2285507 *1, *3 (Pa. Super. 2021) (non-precedential decision). **Miller**, by its terms, is limited to those individuals who committed murder while **under** the age of 18. This is the age "our society has used . . . as the delineation between childhood and adulthood for many purposes." **Hamilton**, 2021 WL 2285507 at *3 (citation omitted). While such a bright-line rule "has shortcomings," it is "necessary for the

orderly administration for justice." **Id.** (citation omitted). We therefore reject Appellant's claim.

In his second issue, Appellant contends that the trial court erred in dismissing his PCRA petition which set forth claims of after-discovered evidence. Appellant claims he recently discovered evidence of misconduct on the part of multiple law enforcement officers who, in his view, were "integral witnesses at trial." Appellant's Brief at 47. In particular, Appellant points to the following Commonwealth witnesses: Detective Dove, Detective Holman, and Detective Williams. **Id.** Appellant contends that the aforementioned officers' misconduct constituted exculpatory after-discovered evidence which entitled him to relief under 42 Pa.C.S.A. § 9543(a)(2)(vi). In addition, on appeal, Appellant claims that, in February 2008, before his trial, Detective Dove "sent several harassing text[ual] messages to someone whom he believed was romantically involved with his wife." Appellant's Brief at 52. Appellant contends that Detective Dove's behavior prompted an investigation by Philadelphia Police Internal Investigations. **Id.** Appellant further avers that this "evidence was in existence at the time of [Appellant's] trial, was in the sole possession of the Commonwealth, and was not discoverable by the defense at the time of trial." **Id.** at 53. Hence, Appellant argues that the Commonwealth's failure to turn over this information violated **Brady v. Maryland**. 373 U.S. 83 (1963). We will address Appellant's claims in turn.

To obtain relief based on after-discovered evidence, an appellant must show that the evidence:

(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). If after-discovered evidence is based upon an officer's undisclosed misconduct, a PCRA petitioner bears the burden of establishing a direct "nexus" between the undisclosed misconduct and the petitioner's case. *Id.* at 537-538.

A *Brady* violation, on the other hand, occurs if the prosecution, before trial, suppresses "evidence favorable to the accused" and "the evidence is material either to guilty or punishment, irrespective of the good faith or bad faith of the prosecution." *Commonwealth v. Koehler*, 36 A.3d 121, 133 (Pa. 2012) (citation omitted). To prove a *Brady* violation, a criminal defendant must demonstrate the following:

(1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant. Prejudice is demonstrated where the evidence suppressed is material to guilt or innocence.

*Koehler*, 36 A.3d at 133 (citation omitted). Importantly,

favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* (citation omitted).

We initially conclude that Appellant's after-discovered evidence claim fails – and does so for two reasons. First, Appellant admits that the evidence of Detective Dove's, Detective Holman's, and Detective Williams's misconduct would be used solely to impeach their credibility. **See** Appellant's Brief at 47 ("[T]he PCRA court erred in dismissing the PCRA petition as the integral witnesses at trial were law enforcement, who, had **grave credibility issues**.") (emphasis added); **see also id.** at 47-48 (claiming that Detectives Dove, Holman, and Williams all "have grave credibility and misconduct issues, none of which were presented at trial. Had it been presented before the jury, there is a reasonable probability that [Appellant] would have been acquitted."). Second, Appellant failed to establish any nexus between his case and the detectives' misconduct. To the contrary, Appellant admits that the relevant misconduct all took place **after** Appellant's conviction and in matters unrelated to Appellant. **See id.** at 53 and 55 (recognizing that most of Detective Dove's misconduct occurred between June 1, 2013 and June 3, 2013, as well as on December 3, 2013. Appellant also explains that the misconduct at issue related to a witness in an unrelated criminal investigation and Detective's Dove's girlfriend); **id.** at 58 (recognizing that Detective Holman's misconduct occurred on June 18, 2012 and in a matter relating to Detective Holman's wife); **id.** at 59 (recognizing that Detective Williams is currently facing criminal charges for, *inter alia*, tampering with public records, in a matter relating to Detective Williams' family member). Hence, the PCRA court properly concluded that Appellant failed to establish that the

after-discovered evidence would likely result in a different verdict. *See* *Foreman*, *supra*, at 538 (holding that because the misconduct occurred two years after the appellant's conviction, the appellant could not establish that the evidence would compel a different result); *see also Commonwealth v. Wade*, 2022 WL 3591015 *1, *3 (Pa. Super. 2022) (non-precedential decision) ("Wade has failed to assert a meritorious claim of after-discovered evidence because all of the [police] misconduct he cites has stemmed exclusively from the cases of **other** criminal defendants in unrelated cases.").

We also conclude that Appellant's *Brady* claim fails, as it is waived.[1] Appellant did not raise this issue in his PCRA petition. Appellant did not present this claim to the PCRA court during the evidentiary hearing that occurred on February 7, 2025. *See* N.T. Hearing, 2/7/25, at 22 (Appellant's counsel admitting that the "material misconduct did occur **after** the fact") (emphasis added). Because "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal," we are precluded from addressing Appellant's claim. Pa.R.A.P. 302(a).

For the foregoing reasons, we affirm the PCRA court's order denying Appellant's petition for collateral relief.

Order affirmed.

_____

[1] Appellant's claim with respect to Detective Dove's actions is raised under *Brady* because the conduct at issue occurred before Appellant's criminal trial. *See* Appellant's Brief at 52-53.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/5/2026</u>